THE BEINHAKERMILLER LAW FIRM, LLC
414 Westfield Avenue
Westfield, New Jersey 07090
(908) 272-2232
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. JASON M. COHEN, M.D., F.A.C.S., as assignee of N.R., as assignee of B.S. and N.R. and B.S.<br><br>Plaintiffs,<br><br>vs.<br><br>BLUE CROSS BLUE SHIELD OF TEXAS,<br><br>Defendant. | Civil Action No.:<br><br><br><br><br>**COMPLAINT** |

Plaintiffs, Dr. Jason M. Cohen, M.D., F.A.C.S. with a place of business at 776 Shrewsbury Avenue, Suite 201, Tinton Falls, New Jersey 07724 and patients N.R, and B.S., both residents of the State of New Jersey by way of Complaint against the Defendant, say the following:

### FACTS COMMON TO ALL COUNTS

1.  Plaintiff Dr. Jason M. Cohen, M.D., F.A.C.S. (hereinafter "Cohen") is a board certified spinal surgeon licensed to practice in the State of New Jersey and a Diplomat of the American Board of Spinal Surgery. Cohen is associated with Professional Orthopaedic Associates with offices in Tinton Falls, Toms River and Freehold, New Jersey.

2(a).  Cohen performed a complex and specialized spinal surgery on B.S. ("patient BS") on December 11, 2009 who was, at that time, insured by or a plan member of Defendant, Horizon Blue Cross Blue Shield of Texas (hereinafter "Defendant" or "BC of TX").

2(b).  Cohen performed a complex and specialized spinal surgery on N.R. ("patient NR") on March 3, 2009 who was also, at that time, insured by or a plan member of Defendant.

2(c). Patient NR and patient BS may be collectively referred to as the "Patients" or individually as "Patient."

2(d). Cohen and the Patients may be collectively referred to as the "Plaintiffs."

3(a). Cohen sought payment from Defendant for surgery and procedures ("Services") performed to patient BS under patient BS's I.D. #837111818 under Defendant's Plan.

3(b). Cohen sought payment from Defendant for surgery and procedures ("Services") performed to patient NR under patient NR's's I.D. #837791720 under Defendant's Plan.

4. Cohen was a non-participating provider of services in that he did not have a contract with Defendant to accept agreed upon rates for services provided to the Patients. The Services provided to the Patients were "out of network" Services under the Defendant's policy and/or plan providing coverage to the Patients.

5. Prior to rendering the Services to the Patients, Cohen called the Defendant, in each instance, to confirm that each Patient had out-of-network benefits for the services that were to be provided by Cohen.

6. All of the Services provided to the Patients were medically necessary and appropriate for each Patient according to recognized medical standards.

7. All of the services provided by Cohen were performed at Monmouth Medical Center in Long Branch where Cohen enjoys surgical privileges.

8. The terms of Defendant's insurance agreements or plans were controlled by the laws of the State of New Jersey and/or Regulations of the New Jersey Department of Banking and Insurance and by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sec. 1101, et seq.

9. Cohen received an assignment of benefits from each of the Patients.

10. Each assignment of benefits provides: "I hereby authorize any insurance company to pay the proceeds of any benefits due me directly to Professional Orthopedic Associates. A copy of this can be considered as an original for insurance purposes."

11(a). Cohen submitted a claim to Defendant for Services rendered by Cohen to patient BS pursuant to the assignment of benefits signed by patient BS for the Services performed on December 1, 2009 in the amount of $51,311.76.

11(b). Cohen submitted a claim to Defendant for Services rendered by Cohen to patient NR pursuant to the assignment of benefits signed by patient NR for the Services performed on March 23, 2009 in the amount of $120,357.00.

12(a). The claim for patient BS was received by the Defendant and was designated by Defendant as claim # 9358529867WOHOO.

12(b). The claim for patient NR was received by the Defendant and was designated by Defendant as claim # 909852307140H01.

13(a). Upon information and belief, on January 8, 2010, Defendant made a single payment to patient BS for claim # 9358529867WOHOO in the amount of $1,546.77 which was then paid to Cohen pursuant to patient BS's Assignment of Benefits.

13(b). On August 20, 2009, Defendant made a single payment to patient NR for claim #909852307140H01 in the amount of $67,219.00 which was then paid to Cohen pursuant to patient NR's Assignment of Benefits.

14.(a) Defendant's payments to patient BS was a total of $1,546.77, $51,159.75less than the amount of Plaintiffs claims and represented less than three percent (3%) of the amount of the claim.

14.(b) Defendant's payments to patient NR was a total of $67,219.00, $53,138.00 less than the amount of Plaintiffs claims and represented approximately fifty-seven percent (57%) of the amount of the claim.

15. Based upon the assignment of benefits from each of the Patients, Cohen is a true party at interest.

16. Defendant has never declined to accept the assignment of benefits from the Patients.

17(a). On March 2, 2010, Cohen filed a Provider's Appeal with the Defendant for patient BS's claim explaining the billing procedures and detailing the usual and customary rates charged by a spinal surgeon in this geographic area for the Services provided to patient BS.

17(b). On October 12, 2009, Cohen filed a Provider's Appeal with the Defendant for patient NR's claim explaining the billing procedures and detailing the usual and customary rates charged by a spinal surgeon in this geographic area for the Services provided to patient NR.

18. As part of each appeal, Cohen attached the Ingenix Customized Fee Analysis. All CPT Codes/Multi-speciality for U.S. Zip Code 077xx.

19(a). Upon information and belief, after hearing nothing from the Defendant, patient BS filed his own appeal with Defendant on March 30, 2010.

20(a). Upon information and belief, Defendant on April 30, 2010 responded by a letter to Cohen on the appeal of patient BS's payment maintaining that after a thorough review of your claim we must maintain our approved benefit for patient BS.

20(b). Upon information and belief, Defendant on February 5, 2010 responded to Cohen rejecting the NR appeal and sending the exact same form letter that was sent in patient BS's case.

21. To date, Defendant has denied any further payments to Cohen and the Patients.

22. Upon information and belief, Plaintiffs have exhausted all administrative remedies with Defendant and/or any further administrative appeals (if they exist) would have been futile.

23. Plaintiffs have satisfied the prerequisite to the commencement of this action.

24. Plaintiffs have demanded payment on the claims asserted by it for services rendered to Patients, the Defendant's insureds and Defendant has failed and refused to make payment of $51,159,73 for patient BS and $53,138.00 for patient NR for a total of $104,392.73.

25. Plaintiffs have demanded payment of the claims due and owing to it under the Defendant's insurance plan covering the Patients and $51,159.73 for patient BS and $53,138.00 for patient NR for a total of $104,392.73 of those claims were denied without a valid basis.

## COUNT I
### (Violation of ERISA section 502(a))

26. Plaintiffs hereby incorporate by reference all the averments contained in paragraphs 1 through 25 above, as if same were fully set forth herein at length.

27. This Count arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. sec. 1101 et seq.

28. The plans, under which Patients are entitled to coverage, are ERISA plans, each is administered and operated by the Defendant and/or in the alternative the Defendant is the administrator and fiduciary of each plan actual and/or de facto, under ERISA.

29. Defendant is the administrator and fiduciary in relation to the matters set forth herein because, *inter alia*, they exercise discretionary authority and/or discretionary control respecting management of the plans under which Patients are entitled to benefits, which benefits Patients each assigned to Cohen.

30. Defendant is a fiduciary in relation to the matters set forth herein, by virtue of its exercise of authority and/or control and/or functional control respecting the management and disposition of assets of the plans and/or by exercising discretionary authority and/or discretionary responsibility and/or functional authority in the administration of the plans.

31. Defendant's fiduciary functions include, *inter alia*, preparation and submission of explanations of benefits, determinations as to claims for benefits and coverage decisions, oral and written communications with Cohen concerning benefits to Patients under the plans, and coverage, handling, management, review, decision making and disposition of appeals and grievances under the plan.

THE BEINHAKERMILLER LAW FIRM, LLC
414 WESTFIELD AVENUE
WESTFIELD, NJ 07090
908.272.2232 — FAX: 908.233.4546

32. Cohen received assignments of benefits from the Patients which had "out of network benefits" for surgery under their plans or insurance agreements with or administered by Defendant as confirmed by Defendant through which the Patients assigned to Cohen, *inter alia*, the individual Patients' right to receive payment directly from Defendant for the Services that the Patients received from Cohen.

33. Each Assignment of Benefits signed by each Patient for the date of service provides, "I hereby authorize any insurance company to pay the proceeds of any benefits due me directly to Professional Orthopaedic Associates."

34. Each Assignment of Benefits that Cohen received from each Patient confers upon Cohen the status of "beneficiary" under sec. 502(a) of ERISA, 29 U.S.C. sec. 1132(a)(1)(B) and sec. 1102(8) et seq.

35. As a beneficiary under section 502(a) of ERISA, 29 U.S.C. sec. 1132(a)(1)(B), Cohen is entitled to recover benefits due to him (and/or benefits due to the Patients), and to enforce the rights of it (and/or the rights of the Patients) under ERISA law and/or the terms of the applicable plans/policies.

36. Cohen has standing to bring this action against Defendant under ERISA because a health care provider to whom a patient assigns benefits has standing to sue as a "beneficiary" under section 502(a) of ERISA, 29 U.S.C. sec. 1132(a)(1)(B).

37. As described more fully in the Facts Common to All counts herein, Defendant made determinations regarding the payment and withholding of payments of benefits to Cohen (and/or to the Patient who made the assignment of benefits to Cohen) that violate the terms of the applicable ERISA plan.

38. Plaintiffs have sought payment of benefits under the applicable plans and Defendant has refused to make payment on Cohen's remaining claim of $104,392.73.

THE BEINHAKERMILLER LAW FIRM, LLC
414 WESTFIELD AVENUE
WESTFIELD, NJ 07090
908.272.2232 — FAX: 908.233.4546

39. The denial of Plaintiffs claims are unsupported by substantial evidence, erroneous as a matter of law, not made in good faith, is arbitrary and capricious and is in violation of ERISA.

40. The one page letter denying each of patient BS and patient NR's appeals are insufficient and not in compliance with ERISA.

41. Plaintiffs are entitled to recover their reasonable attorneys' fees and costs of action pursuant to 29 U.S.C. sec. 1132(g), et seq. and other provisions of ERISA as applicable.

42. The denial of Plaintiffs claims for the remaining $104,392.73 plus for Cohen's Services has not adequately been explained by Defendant to the Patients or to Cohen.

43. There is no basis for the claims not being paid when usual and customary charge is the standard. The "usual and customary charge" is the "usual and customary charge" in a given geographical area.

44. On each Provider appeal, Plaintiffs provided Defendant with the schedule of usual and customary charges for Cohen's Services in the 077xx zip code where the Services were performed.

45. Plaintiffs have exhausted its administrative remedies with Defendant and/ or further appeals would have been futile.

**WHEREFORE,** Plaintiff demands judgment against the Defendant as follows:

A. Judgment be entered in favor of Plaintiff and against Defendant in the amount of $104,392.73 due and owing as benefits under the Patients applicable plan, plus interest, to compensate Plaintiffs for the erroneous denial of benefits under the plan;

B. Awarding Plaintiffs interest, attorneys' fees, costs of suit; and,

C. Awarding Plaintiffs any and all other relief the Court deems equitable and just.

THE BEINHAKERMILLER LAW FIRM, LLC
414 WESTFIELD AVENUE
WESTFIELD, NJ 07090
908.272.2232 – FAX: 908.233.4546

## COUNT II
### (ERISA-Breach of Fiduciary Duty)

45. Plaintiffs hereby incorporate by reference all of the averments contained in paragraphs 1 through 44 above, as if same were fully set forth herein at length.

46. Defendant has an obligation to supply all documents used in making any claims determination.

47. Defendant has an obligation to explain its determination why claims were denied or reduced.

48. Defendant has a duty to give Plaintiffs a full and fair hearing on the claims determination.

49. Defendant is a fiduciary under ERISA.

50. Defendant's determinations of all claims paid without any (or even substantial) explanation were arbitrary and capricious as well as being in violation of ERISA.

51. Defendant violated its fiduciary duty to the Patients and Cohen as assignee of Patients.

**WHEREFORE,** Plaintiffs demand judgment against the Defendant jointly, severally and in the alternative, as follows:

A. Judgment be entered in favor of Plaintiffs and against Defendant in the amount of $104,392.73, plus interest, to compensate Plaintiff for the erroneous denial of benefits under the plan;

B. Ordering the Defendant to pay $110.00 since the date each appeal was filed.

C. Awarding Plaintiffs interest, attorneys' fees, costs of suit; and,

D. Awarding Plaintiffs any and all other relief the Court deems equitable and just.

THE BEINHAKERMILLER LAW FIRM, LLC
414 WESTFIELD AVENUE
WESTFIELD, NJ 07090
908.272.2232 — FAX: 908.233.4546

THE BEINHAKERMILLER LAW FIRM, LLC
Attorneys for Plaintiff

By: _____
Mark D. Miller, Esq.

Dated: August 5, 2011

### DESIGNATION OF TRIAL COUNSEL

Please take notice that pursuant to the Federal Rules of Civil Procedure, the undersigned is designated as trial counsel in the above-captioned matter.

THE BEINHAKERMILLER LAW FIRM, LLC
Attorneys for Plaintiff

By: _____
Mark D. Miller, Esq.

Dated: August 5, 2011

### CERTIFICATION (R.11.2)

The undersigned hereby certifies the following:

1. That, to the best of my knowledge and belief, this matter in controversy is not the subject of any other action.

2. To the best of my knowledge, information and belief at this time there are no other parties who should be joined in this matter.

THE BEINHAKERMILLER LAW FIRM, LLC
Attorneys for Plaintiff

By: _____
Mark D. Miller, Esq.

Dated: August 5, 2011

THE BEINHAKERMILLER LAW FIRM, LLC
414 WESTFIELD AVENUE
WESTFIELD, NJ 07090
908.272.2232 – FAX: 908.233.4546